## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| CORY BETH MCLEMORE, | * |
|---|---|
| | * |
| **Plaintiff,** | * |
| | * |
| vs. | * |
| | * |
| **COMMISSIONER, SOCIAL SECURITY** | * |
| **ADMINISTRATION,**[1] | * |
| | * |
| **Defendant.** | * |
| | * |

Civil Action No. ADC-17-2142

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

On July 31, 2017, Cory Beth McLemore ("Plaintiff") petitioned this Court to review the
Social Security Administration's ("SSA") final decision to deny her claim for Disability
Insurance Benefits ("DIB"). *See* ECF No. 1 ("the Complaint"). After consideration of the
Complaint, the parties' cross-motions for summary judgment (ECF Nos. 15, 17), and the
response thereto (ECF No. 18), the Court finds that no hearing is necessary. *See* Loc.R. 105.6
(D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary
Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No.
17) is GRANTED.

### PROCEDURAL HISTORY

On June 22, 2013, Plaintiff filed a Title II application for DIB, alleging disability
beginning on January 16, 2010. Her claim was denied initially and upon reconsideration on
October 8, 2013 and February 28, 2014, respectively. Subsequently, on April 24, 2014, Plaintiff

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and
most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing
the duties and functions not reserved to the Commissioner of Social Security.

filed a written request for a hearing and, on February 2, 2016, an Administrative Law Judge ("ALJ") presided over a video hearing. On March 2, 2016, the ALJ rendered a decision ruling that Plaintiff "was not under a disability, as defined in the Social Security Act [(the "Act")], at any time from January 16, 2010, the alleged onset date, through December 31, 2014, the date last insured." ECF No. 9 at 33. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on June 13, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On July 31, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On April 5, 2018, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on May 30, 2018. On June 25, 2018, Plaintiff responded to Defendant's motion.[2] This matter is now fully briefed and the Court has reviewed both parties' motions and the response thereto.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

---

[2] On July 10, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the

3

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement

4

of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant.

20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had "not engage[d] in substantial gainful activity during the period from her alleged onset date of January 16, 2010 through her date last insured of December 31, 2014." ECF No. 9 at 23. At step two, the ALJ found that Plaintiff had the severe impairments of "postural tachycardia syndrome, Ehlers-Danlos syndrome, irritable bowel syndrome, and interstitial cystitis." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 26. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: she can occasionally climb ramps and stairs only, and occasionally balance, stoop, crouch, crawl, and kneel; she cannot balance on uneven surfaces; she must avoid concentrated exposure to dust, fumes, odors, gases, environments with poor ventilation, wetness, humidity, or temperature extremes; she must avoid hazards, e.g., unprotected heights, commercial driving, or moving machinery; and she must have ready access to a restroom, i.e., she cannot be in isolated work environments.

*Id.* at 27. The ALJ then determined that Plaintiff had no past relevant work. *Id.* at 32. Finally, at step five, the ALJ found that, "considering [Plaintiff]'s age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed." *Id.* Thus, the ALJ concluded that Plaintiff "was not under a disability, as defined in the [Act], at any time from January 16, 2010, the alleged onset date, through December 31, 2014, the date last insured." *Id.* at 33.

## DISCUSSION

On appeal, Plaintiff solely alleges that the ALJ erred by failing to consider Plaintiff's severe interstitial cystitis pursuant to SSR 15-1p, 2015 WL 1292257 (Mar. 18, 2015). ECF No. 15-1 at 8. Specifically, Plaintiff argues that the ALJ failed to consider her pelvic pain and urinary frequency and duration. *Id.* at 10–12. Citing to *Workman v. Berryhill*, TMD 15-2547, 2017 WL 1196486 (D.Md. Mar. 31, 2017), Plaintiff contends that the ALJ's failure to acknowledge SSR 15-1p precludes meaningful review, warranting remand. *Id.* at 10. The Court disagrees.

SSR 15-1p provides guidance on how to develop evidence to establish that a person has a medically determinable impairment of interstitial cystitis and how to evaluate interstitial cystitis in disability claims. SSR 15-1p, 2015 WL 1292257, at *4–9. Under the ruling, when making the RFC assessment, the ALJ will consider "longitudinal evidence because symptoms, signs, and laboratory findings of [interstitial cystitis] may fluctuate in frequency and severity and may continue over a period of months or years." *Id.* at *5. At steps four and five of the sequential evaluation, the ALJ will consider the claimant's symptoms, such as pain and other symptoms, in determining whether exertional limitations, non-exertional physical or mental limitations, or environmental restrictions are warranted. *Id.* at *8–9.

Here, the ALJ found interstitial cystitis to be a severe impairment at step two. ECF No. 9 at 23. The ALJ further stated that "[t]reatment records do not show [Plaintiff]'s interstitial cystitis caused her to meet or medically equal the requirements of any impairment found in subsection 6.00 of 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 26. To support the ALJ's RFC limitation that Plaintiff "must have ready access to a restroom, i.e., she cannot be in isolated

work environments," *id.* at 27, the ALJ considered the following medical evidence related to Plaintiff's interstitial cystitis:

> [Plaintiff] was assessed with urinary frequency by a physician in 2009. [Plaintiff] was diagnosed with abdominal cramps by a primary care physician in January 2010, but a cystoscopy was negative. [Plaintiff] saw a urologist in December 2011 who noted [Plaintiff] had no dysuria or hematuria but reported some urinary frequency and urgency at times. [Plaintiff] had no urinary tract infection and no flank pain, but bladder discomfort when the bladder was full. Primary care physician notes in April 2011 reveal [Plaintiff] was urinating "fine." A review of systems in November 2013 was negative for painful or excessive urination. [Plaintiff] did not return to see a urologist until January 2015 when she was diagnosed with interstitial cystitis. Treatment records prior to [Plaintiff]'s date last insured of December 31, 2014 do not contain references to urinary urgency or frequency to such a degree that it would prevent [Plaintiff] from working.

*Id.* at 30 (internal record citations omitted).

Of note, Plaintiff's diagnosis of interstitial cystitis occurred in January 2015, the month after Plaintiff's date last insured. *Id.* Nevertheless, Plaintiff contends that "evidence clearly indicate[s] that prior to the appointment, Plaintiff for over five years had urinary symptoms of hesitancy and that for two and half years [sic] Plaintiff had incomplete emptying of her bladder," thus demonstrating "key symptoms related to interstitial cystitis well before the date last insured." ECF No. 18 at 3 (internal record citations omitted).

Where no objective evidence exists regarding a claimant's frequency and duration of urination, the ALJ may properly determine that a claimant is not disabled despite an interstitial cystitis diagnosis. *See Davis v. Astrue*, No. 3:12-CV-60, 2012 WL 7004421, at *16 (N.D.W.Va. Dec. 3, 2012) (finding that the ALJ properly considered the claimant's interstitial cystitis diagnosis where the ALJ discussed the diagnosis and assessed the claimant's ability to do work existing in substantial numbers in the regional and national economy based upon the testimony

9

of a vocational expert). Here, as in *Davis*, the ALJ discussed Plaintiff's January 2015 interstitial cystitis diagnosis and analyzed the relevant medical evidence related to the condition, noting that "[t]reatment records prior to [Plaintiff]'s date last insured of December 31, 2014 do not contain references to urinary urgency or frequency to such a degree that it would prevent the [Plaintiff] from working." ECF No. 9 at 30. The ALJ also assessed Plaintiff's ability to do work existing in substantial numbers in the national economy based on the vocational expert's testimony that "[Plaintiff] would have been able to perform the requirements of representative occupations such as: information clerk, with 3,500 jobs nationally; surveillance systems monitor, with 8,000 jobs nationally; and document specialist, with 45,000 jobs nationally" and found the testimony to be consistent with the Dictionary of Occupational Titles. *Id.* at 33. Relying on the medical evidence and the vocational expert's testimony, the ALJ reasonably accommodated Plaintiff's impairment by providing for "ready access to a restroom" in the RFC finding. *Id.* at 27. Thus, the ALJ's determination of Plaintiff's impairment and RFC was based on substantial evidence.

Furthermore, even if the ALJ erred by not specifically considering Plaintiff's interstitial cystitis, that omission constituted harmless error because the ALJ's determination of Plaintiff's RFC and disability was based on substantial evidence. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached." (internal citations and quotation marks omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting that the principle of harmless error applies to Social Security disability cases).

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act from January 16, 2010 through the date of the ALJ's decision. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 17) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is directed to CLOSE this case.

Date: 28 August 2018

A. David Copperthite
United States Magistrate Judge